UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DORIS ELIZABETH BARGER,

   Plaintiff,

v.             Case No:  6:18-cv-895-Orl-37TBS

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

_____

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Disability Insurance Benefits and Supplemental Security Income under the Act. Upon review, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background[1]

On January 9, 2014, Plaintiff protectively filed for benefits, alleging an onset date of May 1, 2004 (Tr. 88, 192-202). She claimed disability due to post-traumatic stress disorder, spinal injury, colon issues, and a neck injury (Tr. 22, 79). Plaintiff's claims were denied initially and on reconsideration (Tr. 126-131,133-142) and she requested and received a hearing before an Administrative Law Judge ("the ALJ") (Tr. 35-78, 143-144). On June 14, 2017, the ALJ found Plaintiff not disabled and issued his unfavorable

_____

[1] The information in this section comes from the parties' joint memorandum (Doc. 16).

decision (Tr. 13-34). The Appeals Council denied Plaintiff's request for review (Tr. 1-6), making the ALJ's June 2017 decision the final decision of the Commissioner. Plaintiff brings this action after exhausting her available administrative remedies. This dispute has been fully briefed and was referred to me for a report and recommendation.

### The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process appearing in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ performed the required sequential analysis in this case. At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since her alleged onset date (Tr. 18). At step two, the ALJ determined that Plaintiff suffers from the severe impairments of: cervical disc disease with radiculopathy; lumbar disc disease; irritable bowel syndrome; anxiety disorder; gastroesophageal reflux disease; hypertension; a torn right meniscus; a history of dysphagia; headache syndrome; and decreased vision (20 CFR §§ 404.1520(c) and 416.920(c)) (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled

the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1

(Id.).

Next, the ALJ decided Plaintiff has the residual functional capacity[2] ("RFC") to

perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b)
> with the ability to lift and carry 20 pounds occasionally and 10
> pounds frequently.  The claimant can sit for six hours, stand for
> six hours, and walk for six hours. The claimant has a sit or
> stand option that allows for a change of position at least every
> 30 minutes, which is a brief positional change lasting no more
> than three minutes at a time, where the claimant remains at
> the workstation during the positional change. The claimant
> can push/pull as much as she can lift and carry. The claimant
> can occasionally use foot controls on the right and left;
> occasionally reach overhead; occasionally climb ramps and
> stairs and kneel' frequently balance, stoop, and crouch; never
> climb ladders and scaffolds or crawl. The claimant is unable to
> read very small print but can read ordinary newspaper or book
> print. The claimant can occasionally work around unprotected
> heights and moving mechanical parts but never work around
> humidity and wetness, atmospheric conditions (dust, fumes
> and gasses), or extreme cold and extreme heat. The claimant
> is limited to simple, routine tasks and simple work related
> decisions. The claimant can occasionally interact with
> supervisors, co-workers, and the public. The claimant's time
> off task can be accommodated by normal breaks.

(Tr. 21).

At step four, the ALJ determined that Plaintiff has no past relevant work (Tr. 25).

She was forty-one years old with an eleventh-grade education on her alleged disability

onset date (Tr. 25, 192). Based on the testimony of a vocational expert, the ALJ

concluded at step five that, considering Plaintiff's age, education, work experience, and

residual functional capacity, there are jobs that exist in significant numbers in the national

---

[2] The residual functional capacity is an assessment based on all relevant evidence of the most a claimant can do in a work setting despite any limitations that may result from his impairments. See 20 C.F.R. § 404.945(a)(1); Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

economy that she can perform (Tr. 26). As a result, the ALJ found that Plaintiff was not under a disability at any time from May 1, 2004, through the date of the administrative decision (Tr. 27).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id., quoting Bloodsworth v. Heckler, 703 F. 2d 1233, 1239 (11th Cir. 1983). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

### Evaluation of Medical Opinion Evidence

Plaintiff contends that the ALJ applied incorrect legal standards to the opinion of treating internist, Dr. Gloria Mikula. Plaintiff began treating with Dr. Mikula on April 15, 2014, and continued seeing her thereafter (Tr. 432, 421, 457, 469, 472, 495, 493). On July 7, 2016, Dr. Mikula completed a Medical Assessment of Ability to Do Work-Related Activities (Physical) form (Tr. 589-590).[3] In the form, Dr. Mikula opined that Plaintiff could sit for 2 hours at a time for a total of 4 hours, stand for 30 minutes at a time for a total of 2 hours, and walk for twenty minutes at a time with a total of 20 minutes during an eight-hour workday. The doctor also opined that Plaintiff could occasionally lift 10 pounds and occasionally carry 5 to 8 pounds (Tr. 589). Dr. Mikula noted Plaintiff has difficulty with her vision, her ability to bend is limited on account of a hernia, and due to cervical arthritis, Plaintiff pushes and pulls with her feet rather than her hands (Tr. 590). The doctor said Plaintiff's prognosis was fair as her conditions are "chronic." (Id.).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's

---

[3] Dr. Mikula completed the same form on June 7, 2016, but that form is hard to read. See Tr. 484-485.

opinion is consistent with the record as a whole, and the physician's specialty. <u>See</u> 20 C.F.R. §§ 404.1527(c), 416.927(c).[4] All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. <u>See</u> 20 C.F.R. §§ 404.1527, 416.927, and <u>Winschel</u>.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. <u>See</u> <u>Lewis v. Callahan,</u> 125 F.3d 1436 (11th Cir. 1997); <u>Edwards v. Sullivan</u>, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. <u>Lewis</u>, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." <u>Hill v. Barnhart</u>, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); <u>see</u> <u>also</u> <u>Graves v. Comm'r Soc. Sec.</u>, No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

The ALJ gave Dr. Mikula's opinions "little weight," explaining:

> To begin, the physician offered no objective or other verifiable findings in support of these limitations. Further, the opinions are at odds with the claimant's conservative record of treatment. Moreover, in neither opinion did the doctor note any necessity for an assistive device, which undermines the claimant's subjective complaints.

(Tr. 25). Plaintiff argues that these reasons are not based on the correct legal standards and are not supported by substantial evidence in that: (1) the ALJ failed to consider Dr.

---

[4] Although the Commissioner has adopted new regulations for considering medical opinions for claims filed on or after March 27, 2017 (<u>see</u> 20 C.F.R. § 404.1520c), the claims here were filed in 2014, so the rules in § 404.1527 apply. <u>See</u> https://www.ssa.gov/OP_Home/cfr20/404/404-1527.htm.

Mikula's treatment records which repeatedly documented decreased rotation in Plaintiff's cervical spine, pain with straight leg raise bilaterally, and spasms; (2) the ALJ failed to consider that Dr. Mikula consistently prescribed narcotics to treat Plaintiff's pain; and (3) the failure to note the necessity of a cane does not establish good cause for discounting the doctor's opinion.

In the form setting forth her opinions, Dr. Mikula failed to "describe [all of] the medical findings, history, symptoms, etc., which are the bases for the demonstrated limitation," as the form directs (Tr. 589). Consequently, the ALJ correctly observed that Dr. Mikula did not cite objective medical findings within her treatment notes or the record to support her conclusory opinions concerning Plaintiff's abilities to sit, stand, walk, lift and carry.

As to whether objective medical findings exist to support the opinions, the ALJ properly considered whether Dr. Mikula's opinions were consistent with the record. See 20 C.F.R. §§ 404.1527(c), 416.927(c). The ALJ detailed the objective evidence in his decision, noting for example: (1) a February 2008 hand X-ray which showed Plaintiff's bones to be diffusely osteopenic with "mild" narrowing of the interphalangeal joint spaces and radiocarpal first carpal metacarpal joint spaces (Tr. 22); (2) a cervical X-ray which showed only mild osteophyte formation from C4 to C7 with loss of cervical lordosis (Tr. 22); and (3) Lumbar imaging which showed disc spacing preserved throughout, with minimal anterior spurring L3 through L5 and no significant degenerative changes otherwise (Tr. 24). The ALJ also cited an unremarkable consultative examination of Plaintiff by Dr. David W. Carpenter, M.D. (Tr. 23-24).[5] Although the ALJ noted that a later

---

[5] The ALJ summarized the findings of that examination:

"Spine showed no significant point tenderness at the cervical, thoracic or lumbosacral spine. She

cervical spine MRI showed "mild broad disc protrusion at CS-6 and C6-7 levels with some formaminal compromise on the right side at C5-6" (Tr. 25), he cited ample evidence to support his finding that the conclusions reached by Dr. Mikula are not consistent with the evidence of record.[6]

To the extent Plaintiff contends that the ALJ did not consider the "objective" evidence of her decreased rotation, pain and spasms noted in Dr. Mikula's treatment records, the record shows otherwise. The ALJ acknowledged Dr. Mikula's records:

> In November 2014, it was noted by the claimant's primary care provider that the claimant reported she was having back pain and was "now using a cane," though there has been no evidence produced showing a prescription for the cane (Exhibit 6F, page 9). Physical findings at that presentation noted non-tender back, pain with straight leg raising, and decreased range of motion in the cervical spine. The claimant had normal gait and no apparent motor or sensory deficits noted (Exhibit 6F). Subsequent primary care records show continued follow-up and medication management for the claimant's pain complaints and mental health assessments (Exhibits 1F to 10F and 22F).

(Tr. 24). Notwithstanding the findings of pain and complaints of decreased range of motion, the ALJ found that the claimant's complaints "have been treated conservatively

---

had mild point tenderness at the upper left cervical paravertebral musculature. No point tenderness throughout the back musculature otherwise. Straight leg raising was negative. The abdomen was normal and the upper extremities revealed full range of motion of all upper extremity joints, including the wrists, elbows and shoulders with no evidence of cyanosis or clubbing. Upper extremities showed no motor or sensory deficits. Strength was 5/5 throughout both upper extremities. No point tenderness was noted at the shoulders, elbows, wrists or hands. Grip strength was 5/5 bilaterally and fine manipulation skills were normal at both upper extremities with no difficulty manipulating buttons or opening doors (Exhibit 3F).

Lower extremities revealed full range of motion of the hips, knees, ankles and feet with no evidence of pretibial or ankle edema, ulcerations or varicosities. Lower extremities showed no motor or sensory deficits. Strength was 5/5 throughout both lower extremities. No point tenderness at the hips, knees or ankles was noted, and she ambulated in a normal heel-to-toe fashion. She was steady without assistance. Her balance was good and she did not limp. Vision was 20/25, bilaterally without corrections (Exhibit 3F, page 8)." (Tr. 24).

[6] The ALJ's finding that "the medical record simply fails to support the conclusion that the claimant is completely precluded from performing all work activity" (Tr. 22) is likewise amply supported.

and no surgery has been performed or recommended. In addition, physical examinations show the claimant's strength and reflexes remain intact. There is also no evidence of muscle wasting or atrophy" (Tr. 22-23). These findings are adequately supported by the evidence cited by the ALJ.

The ALJ also did not err in considering the conservative nature of Plaintiff's treatment, which includes no surgery recommendations, referrals for orthopedic specialist evaluations, or other interventions. Plaintiff's treatment consisted of prescribing medication and follow-up examinations. Although Dr. Mikula prescribed several narcotic medications, Plaintiff said that they had no side effects (Tr. 61) and were "very effective" at relieving her pain (Tr. 255). Generally speaking, "[a] medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988), quoting Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir.1987).

As for the argument that Dr. Mikula cannot be faulted for failing to mention the need for a cane as the form did not contain a question regarding the necessity of an assistive device, the ALJ correctly observed that there is no evidence showing a prescription for the cane (Tr. 24). While I agree with the ALJ that this can be interpreted as undermining Plaintiff's allegations of disabling limitations, the lack of a prescription for a cane also belies any inference that Dr. Mikula believed one was required.

In sum, the ALJ provided a sufficiently detailed analysis of the evidence of record, supplied a rationale for his findings, and his conclusions are supported by the evidence he cites. As the Commissioner's administrative decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the
Commissioner's final decision in this case be **AFFIRMED** and that the Clerk be directed
to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and
Recommendation's factual findings and legal conclusions. A party's failure to file written
objections waives that party's right to challenge on appeal any unobjected-to factual
finding or legal conclusion the district judge adopts from the Report and
Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 26, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record